IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Evgeny A. Freidman, Vladimir Basin, Mamed Dzhaniyev, Victory Taxi Garage Inc., Tunnel Taxi Management LLC, Downtown Taxi Management LLC, Bazar Taxi Inc., Patron Taxi LLC, Grappa Taxi LLC, Tequila Taxi LLC, Jack Daniels Taxi, LLC, Murzik Taxi Inc., Malinka Taxi Inc., Yagodka Taxi Inc., Persik Taxi Inc., Bratishka Taxi Inc., Pumo Taxi Inc., Piguet Inc., Kormilitsa Taxi Inc., Prada Taxi Inc., Student Taxi Inc., Hublot Taxi Inc., Torpedo Taxi Inc., Black Label Taxi LLC, Praga Taxi Inc., Two Hump Taxi, LLC, Kroshka Taxi Inc., Lacoste Taxi Inc., Sangria Taxi LLC, Volba Taxi Inc., Plaintiffs, -against- General Motors Corp., ElDorado National, Inc. and Arcola Sales & Service Corp., Defendants. | Civil Action No. 1:08-CV-02458-SAS |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GENERAL MOTORS CORPORATION TO DISMISS COMPLAINT OF PLAINTIFFS

Defendant General Motors Corporation (hereinafter "General Motors") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint filed by plaintiffs.

**INTRODUCTION AND PROCEDURAL BACKGROUND**

Plaintiffs filed their Complaint against General Motors, ElDorado National Inc. (hereinafter "ElDorado") and Arcola Sales & Service Corp (hereinafter "Arcola") on March 11, 2008, and served General Motors with their Complaint the following day. This court then

approved a stipulation extending the time for General Motors to answer, move, or otherwise respond to plaintiffs' Complaint to May 1, 2008.

The plaintiffs have not properly pled diversity jurisdiction and their claims rest upon four actions, all of which cannot meet the liberal standard for notice pleadings under 12(b)(6). General Motors accordingly moves to dismiss plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

**FACTUAL BACKGROUND**

The New York taxicab industry is regulated by the New York City Taxi & Limousine Commission (hereinafter "TLC"). Participation in the industry requires a "medallion," i.e. a license to operate. According to their Complaint, plaintiffs purchased several medallions that gave them a right to operate handicap accessible taxicabs.

To form their fleet of handicap accessible vehicles, plaintiffs allegedly purchased retrofitted Chevrolet Uplanders from Arcola. They claim General Motors manufactured the Uplanders, ElDorado retrofitted the Uplanders, Arcola sold the Uplanders and that the Uplanders failed to meet their expectations.

**ARGUMENT**

**I.    SUBJECT MATTER JURISDICTION**

Plaintiffs bring this action under the premise of diversity jurisdiction, which requires the citizenship of all plaintiffs to be entirely diverse from the citizenship of all defendants. 28 U.S.C. § 1332. The standard of review for dismissal due to lack of diversity is well settled. Complaint allegations must be sufficient to demonstrate the requisite diversity between the parties or else dismissal is appropriate. *Todtman v. Ashraf and Empyrean Investment Fund, L.P.*, 05 CIV. 10098 (CSH), 2006 U.S. Dist. LEXIS 72711 at *4 (S.D.N.Y. Oct. 4, 2006). They fail to do so here, both as to the individual plaintiffs and as to the limited liability company plaintiffs.

While individuals may have several places of residence, for purposes of diversity their citizenship is determined by domicile, of which they can only have one. Party plaintiffs are thus required to state their domicile, not their residence. *Id.* at *6. Failure to do so requires dismissal. *Id.* (citing *Mackason v. Diamond Fin. L.L.C.*, 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004)). Evgeny Freidman, Vladimir Basin, and Mamed Dzhaniyev are each described only as "an individual residing in New York." Complaint at ¶¶6-8. There is no mention of domicile. Under *Todtman* this court may and should dismiss their claims for having failed to demonstrate the requisite diversity. *Todtman*, 2006 U.S. Dist. LEXIS 72711 at *6.

For diversity purposes limited liability companies are unlike corporations, as "the citizenship of a limited liability company ("LLC") depends upon the citizenship of its members." *Mackason*, 347 F. Supp. 2d at 55 (citing *Handlesman v. Bedford Village Assoc. Ltd. P'Ship*, 213 F.3d 48, 51 (2d Cir. 2000)). Plaintiffs' allegation that each limited liability company is a "New York corporation" with offices either in Long Island City or Brooklyn is insufficient. Complaint at ¶¶10, 11, 13-18, 31, 33, and 36. They have not bothered to identify each LLC's members, much less set forth their citizenship. *Mackason*, 347 F. Supp. 2d at 55. The principal place of business is irrelevant. *Id.* The basis for diversity jurisdiction having not been properly pled, plaintiffs' Complaint should be dismissed pursuant to *Mackason*.

## II.   FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider the complaint or counterclaim, exhibits attached to the pleadings, or documents incorporated in the pleadings by reference. *See Kramer v. Time Warner, Inc.*, 937 F. 2d 767, 773 (2d Cir. 1991). If, after viewing the allegations in the pleadings in the light most favorable to the non-movant, it appears beyond doubt that no relief could be granted "under any settled facts which could be proven consistent with the allegations," a court shall dismiss a complaint or

counterclaim for failure to state a claim. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Under this standard, plaintiffs' Complaint fails to state cognizable claims.

### A.    Plaintiffs fail to state a claim for breach of contract.

Under New York law, an action for breach of contract must allege and prove: (1) the existence of a contract; (2) performance of the contract by one party; (3) breach by another party; and (4) damages. *Bear, Stearns Funding, Inc. v. Interface Group-Nevada, Inc.*, 361 F. Supp. 2d 283, 290 (S.D.N.Y. 2005) (citing *Rexnord Holdings, Inc. v. Biderman*, 21 F.3d 522, 525 (2d Cir. 1994)). A party's failure to plead sufficient factual allegations implicating all those elements warrants the dismissal of a breach of contract action. *Id.* When a claim is founded upon a written contract, the plaintiff must attach it, and cite the relevant contract provisions upon which the claim is based. *Dalton v. Educational Testing Serv.*, 639 N.Y.S.2d 977 (1995) (dismissing a breach of contract claim where plaintiff did not cite to any contract provision related to the alleged breach); *Shields v. School of Law of Hofstra Univ.*, 431 N.Y.S.2d 60, 63 (1980).

Plaintiffs failed to attach a contract to their Complaint, much less cite to any contract provision, merely, and ambiguously, stating that "pursuant to the sales agreements, Defendants agreed to provide Plaintiffs with Chevrolet Uplanders retrofitted in a condition fit for use as wheel-chair accessible taxicabs," and that "Defendants breached the sales agreements with Plaintiffs." Complaint at ¶¶76 and 80. Which agreements, which defendants were parties to them, and which provisions plaintiffs are referring to is entirely unclear. *Dalton* and *Shields* require plaintiffs to attach the written contract and cite the relevant provisions, not force the defendants to venture a guess. *See also Bomser v. Moyle*, 455 N.Y.S.2d 12 (1982) (finding grounds for dismissal when plaintiff was unable to cite the particular contract provisions giving rise to his breach of contract action).

Plaintiffs admit they purchased the Uplanders from Arcola, not General Motors. *Compare* Complaint at ¶56 *with* Complaint at ¶¶72-81. And though they claim a contract breach plaintiffs have illuminated that claim with no facts showing General Motors was a party to any sales contract with them. *See The Rome City Sch. Dist. v. The New York Tel. Co.*, 592 N.Y.S.2d 994, 994 (1992). Adding illumination to nothing only makes the nothing easier to see. It does not turn the nothing into a something. The something plaintiffs need for their breach of contract claim is a contract with General Motors. They have identified none, because none exists. Its absence warrants dismissal.

### B.    Plaintiffs' breach of warranty claims must also be dismissed.

Plaintiffs' breach of warranty claims are similarly lacking the requisite support. They have attached no express warranty, they have no contractual privity with General Motors, and even viewed as third-party beneficiaries their damages claim is not compensable. For a breach of express warranty claim under N.Y. U.C.C. § 2-313, plaintiffs must attach the alleged express warranty giving rise to their claim. *The Rome City Sch. Dist.*, 592 N.Y.S.2d at 994. Because plaintiffs are remote purchasers, they must also plead facts indicating the express warranty was for the benefit of third parties. *Butler v. Caldwell & Cook, Inc.*, 505 N.Y.S.2d 288, 288 (1986). Plaintiffs have done neither.

Plaintiffs also claim a breach of implied warranty, fitness for a particular purpose, under N.Y. U.C.C. §2-315. In order to establish a claim under that statute, a party must establish a buyer-seller relationship. *See* N.Y. U.C.C. §§ 2-313 and 2-315. If there is no buyer-seller relationship, such as that between an individual buyer and automobile manufacturer, a plaintiff may claim third-party beneficiary status under N.Y. U.C.C. § 2-318, but only for causes of action alleging personal injury damages, not economic damages. *Lindsay v. Colton Auto, Inc.*, 852 N.Y.S.2d 519, 521 (2008) (dismissing a breach of implied warranty claim because plaintiff was

not in privity with the remote manufacturer), *Miller v. General Motors Corp.*, 471 N.Y.S.2d 280, 282 (1984) (holding a party cannot maintain a breach of warranty claim against a remote manufacturer where the party only claims economic loss); *Jaffee Assoc. v. Bilsco Auto Serv.*, 461 N.Y.S.2d 1007, 1007 (1982) (same); *Hole v. General Motors Corp.*, 442 N.Y.S.2d 638, 640 (1981) (same).

The facts, as plaintiffs allege them, establish neither a buyer-seller relationship with General Motors nor damages recoverable by a third-party beneficiary to any other party's contract with General Motors. What plaintiffs allege is that they had a buyer-seller relationship with Arcola. General Motors is claimed to have manufactured the vehicles plaintiffs purchased from Arcola. Complaint at ¶¶50-56. To the extent those allegations imply a contractual relationship between General Motors and Arcola, or between General Motors and ElDorado, the entity claimed to have retrofitted the vehicles, plaintiffs are at best third-party beneficiaries of those contracts. But that status benefits them not at all, as they allege no personal injuries, but instead seek solely economic damages. Complaint at ¶¶89 and 95. Per *Lindsay, Miller, Jaffee Assoc.* and *Hole*, the only result appropriate here is dismissal.

### C. Plaintiffs' request for an injunction should be denied.

A court must consider several factors before granting injunctive relief. Plaintiffs must allege and demonstrate a threat of irreparable injury. *Bronx Auto Mall, Inc. v. American Honda Motor Co., Inc.*, 934 F. Supp. 596, 612-613 (S.D.N.Y. 1996) and *Bd. of Higher Educ. of New York v. Marcus*, 311 N.Y.S.2d 579, 583-84 (1970). A generic claim of harm is clearly insufficient. *Goldman v. Corn*, 97 N.Y.S. 926 (1906). Plaintiffs must also allege that legal remedies available to them cannot adequately rectify the harm, and that their harm cannot be quantified. *Bronx Auto Mall, Inc.*, 934 F. Supp. at 612-613 and *Bd. of Higher Educ. of New*

*York*, 311 N.Y.S.2d at 583-84. Plaintiffs must finally allege and demonstrate that preliminary relief is needed. *Id.* This is not a situation which calls for injunctive relief.

Plaintiffs have not alleged, let alone shown, any of these elements. The crux of plaintiffs' claim is that they are in possession of vehicles they do not want. Complaint at ¶¶97-98. This situation is hardly irreparable, and their generic allegation of "future harm" is simply not sufficient under *Goldman*. *Id.* Plaintiffs also fail to claim that other available legal remedies, such as monetary damages, are inadequate. *See Bd. of Higher Educ. of New York*, 311 N.Y.S.2d at 583-84. To the extent there is a cost to disposing of these vehicles, it is certainly quantifiable.

There is simply no need for injunctive relief shown. The point of an injunction is to maintain the status quo. Granting plaintiffs' injunction would do just the opposite. *Bd. of Higher Educ. of New York*, 311 N.Y.S.2d at 584. Accordingly, plaintiffs' inadequate request for injunctive relief should be dismissed.

## **CONCLUSION**

Plaintiffs' Complaint sets forth neither a proper jurisdictional basis, nor an actionable claim for relief. Their Complaint against General Motors should be dismissed, and it is respectfully requested that the court so order.

Dated: New York, New York
April 30, 2008

Respectfully submitted,

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

BY: ___s/Timothy J. McHugh___
     Timothy J. McHugh (3393)
     420 Lexington Avenue
     Graybar Building
     Suite 2900
     New York, NY 10170
     Telephone No. (212) 319-6898
     Facsimile No. (212) 319-6932
     E-mail: tmchugh@lavin-law.com

Of Counsel:

Joseph E. O'Neil
John J. O'Donnell
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
Telephone No. (215) 627-0303
Facsimile No. (215) 627-2551
E-mail: joneil@lavin-law.com
E-mail: jodonnell@lavin-law.com

*Attorneys for Defendant*
*General Motors Corporation*

1113998v1

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NEW YORK        )

    JOANNE PETERS, being duly sworn, deposes and says:

    Deponent is not a party to the action, is over 18 years of age and resides in Fairfield County, Connecticut.

    On April 30, 2008 deponent served the within Notice of Motion to Dismiss Complaint, Affirmation in Support of Motion to Dismiss, Memorandum of Law in Support of Motion of General Motors Corporation to Dismiss Complaint and Exhibits upon:

William Fried, Esquire
Herrick, Feinstein, LLP
2 Park Avenue
New York, NY  10016
212-592-1400
*Attorneys for Plaintiffs*

Jamison A. Diehl, Esq.
Akin Gump Strauss Hauer & Feld, LLP
590 Madison Avenue
New York, NY 10022-2525
212-872-8054
*Attorneys for ElDorado National, Inc.*

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue
Suite 320
Morristown, NJ 07960
973-644-0770
*Attorneys for Arcola Sales & Service Corp.*

at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                  Joanne Peters

Sworn to before me this
30th day of April, 2008

TIMOTHY J. MCHUGH
Notary Public, State of New York
No. 02MC506248
Qualified in Suffolk County
Commission Expires July 1, 2010