Paul H. Levinson, Esq. (PL 5528)
plevinson@mclaughlinstern.com
Magnolia D. Levy (ML 5029)
mlevy@mclaughlinstern.com
**McLaughlin & Stern, LLP**
260 Madison Avenue, 18th Floor
New York, New York 10016
Tel.: (212) 448-1100 (ext. 190)

*New York Co-Counsel for Defendant Arcola Sales & Service Corp.*

Christopher E. Hartmann, Esq. (CH 4873)
Hartman.christopher@yahoo.com
**Wacks & Hartmann, LLC**
404 Park Avenue South, 14th Floor
New York, New York 10016
(973) 644-0770 (ext. 204)
(212) 481-2744

*Attorneys for Defendant Arcola Sales & Service Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

EVGENY A. FREIDMAN, VLADIMIR BASIN,
MAMED DZHANIYEV, Victory Taxi Garage Inc.,
Tunnel Taxi Management, LLC, Downtown Taxi
Management, LLC, Bazar Taxi Inc., Patron Taxi LLC,
Grappa Taxi LLC, Cognac Taxi LLC, Calvados
Taxi LLC, Tequila Taxi LLC, Jack Daniels Taxi LLC
Murzik Taxi Inc., Malinka Taxi Inc., Yagodka Taxi
Inc., Persik Taxi Inc., Bratishka Taxi Inc., Purno Taxi
Inc., Piguet Taxi Inc., Kormilitsa Taxi Inc., Prada Taxi,
Inc., Student Taxi Inc., Hublot Taxi Inc., Torpedo Taxi
Inc., Black Label Taxi LLC, Praga Taxi Inc., Two Hump
Taxi LLC, Kroshka Taxi Inc., Lacoste Taxi Inc., Sangria
Taxi LLC, Volba Taxi Inc.,

**ANSWER TO VERIFIED COMPLAINT BY DEFENDANT ARCOLA SALES & SERVICE CORP.**

08 CV 02458

Plaintiffs,

v.

GENERAL MOTORS CORP., ELDORADO NATIONAL,
INC., and ARCOLA SALES & SERVICE CORP.,

Defendants.

-------------------------------------------------------------------X

For its Answer to the Verified Complaint, defendant Arcola Sales and Service Corp. ("this Defendant" or "Arcola") with its principal place of business located at 51 Kero Road, Carlstadt, New Jersey 07072, alleges and says:

## NATURE OF THE ACTION

1.      This Defendant is without knowledge or information sufficient to form a belief about Plaintiffs' collective state of mind, and specifically denies any allegations of wrongdoing directed to it. To the extent a further response is deemed to be necessary or required, the allegations of this paragraph are denied.

2.      This Defendant denies the allegations of this paragraph.

3.      This Defendant is without knowledge or information sufficient to form a belief about Plaintiffs' collective state of mind, and specifically denies any allegations of wrongdoing directed to it. To the extent a further response is deemed to be necessary or required, the allegations of this paragraph are denied.

4.      This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

5.      This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

6.      This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made

thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      7.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      8.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      9.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      10.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      11.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      12.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made

thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

13.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

14.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

15.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

16.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

17.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

18.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made

thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

19.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

20.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

21.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

22.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

23.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

24.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made

thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      25.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      26.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      27.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      28.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      29.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

      30.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made

thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

31.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

32.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

33.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

34.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

35.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

36.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made

thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

37.     This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

38.     This Defendant admits the allegations of this paragraph.

39.     This Defendant admits the allegations of this paragraph.

40.     This Defendant admits the allegations of this paragraph.

## BACKGROUND

41.     Except to admit sales of the subject vehicles, Arcola denies the remaining allegations of this paragraph.

42.     With respect to the first two sentences of this paragraph, the allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required. To the extent such allegations must be admitted or denied, the allegations are denied and plaintiffs are left to their proofs. This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations contained in the last sentence of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

43.     The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required. To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

44.    The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required.  To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

45.    The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required.  To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

46.    The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required.  To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

47.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

48.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

49.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

50.    Arcola is without knowledge or information sufficient to form a belief about the truth of the allegations of the first sentence of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be

required, these allegations are denied. As to the remaining allegations of this paragraph, except to admit that Arcola placed two advertisements for the vehicles, this Defendant denies knowledge of precisely what Defendants General Motors ("GM") authorized Defendant Eldorado National ("Eldorado") to do, and refers instead to the entirety of any written ads for their exact contents.

51.    Arcola denies ever presenting the Chevrolet Uplander model for approval by the New York City Taxi and Limousine Commission ("TLC"), and believes that the allegations of the first sentence of this paragraph are not directed to this Defendant. Arcola admits that an entity called "Arcola Mobility" was identified by the TLC as an approved dealer for wheelchair accessible vehicles. Any assertions in the Verified Complaint that characterize actions by the TLC are denied, as they are not directed to this Defendant. Arcola denies the remaining allegations of this paragraph, and it specifically denies making any representation or warranty that the Chevrolet Uplander or any other vehicle was "suitable" for use as a New York City taxicab.

## THE RETROFITTING

52.    This Defendant admits that Eldorado modified Chevrolet Uplander vehicles. Arcola believes that the entire Chevrolet Uplander vehicles (and not "frames") were purchased by Eldorado from GM (and not "provided" by GM to Eldorado), and therefore denies all contrary allegations. Arcola denies having specific knowledge of precisely what Eldorado did to modify or "retrofit" any vehicles. If any further response is deemed to be necessary, the remaining allegations of this paragraph are denied as not directed to Arcola.

53.    This Defendant denies having any knowledge or information that any vehicle bodies were cut. It is without knowledge or information sufficient to form a belief about whether the modifications made by Eldorado were "substantial", so those allegations are likewise denied.

This Defendant denies the remaining allegations of this paragraph, as they are not directed to Arcola.

54.     The allegations of this paragraph are denied, as they are not directed to this Defendant.

55.     Except to admit that Arcola believed the Chevrolet Uplander vehicles were approved by the TLC for use as taxicabs, the allegations of this paragraph are denied.  Arcola specifically denies ever making any warranties of its own; instead it sold the vehicles with manufacturers' warranties only.

56.     Arcola neither admits nor denies the allegations of this paragraph, but instead refers to the entire written vehicle orders for their exact contents.  To the extent a further response is deemed necessary or required, this defendant denies any attempt by plaintiffs to interpret, paraphrase or selectively quote the subject document(s).  Arcola specifically denies ever making any warranties of its own; instead it sold the vehicles with manufacturers' warranties only.

57.     Arcola neither admits nor denies the allegations of this paragraph, but instead refers to the entire written vehicle orders for their exact contents.  To the extent a further response is deemed necessary or required, this Defendant denies any attempt by Plaintiffs to interpret, paraphrase or selectively quote the subject document(s).  Arcola specifically denies ever making any warranties of its own; instead it sold the vehicles with manufacturers' warranties only.  Arcola separately denies the allegations that the vehicles as ordered "could function as taxis."

58.     Arcola denies that it ever manufactured or designed any of the subject vehicles.  Arcola separately denies participating in the repair or re-engineering process.  This Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining

allegations of this paragraph. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

59.    This defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

## THE FAILED REPAIRS

60.    Arcola admits that Plaintiffs took delivery of Chevrolet Uplander models manufactured by GM and Eldorado. Arcola specifically denies that it ever sold or delivered any of the subject vehicles with any warranty other than those warranties issued by manufacturers. This Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

61.    The allegations of this paragraph are denied, as they are not directed to this Defendant.

62.    Arcola denies that it ever designed or manufactured any of the subject vehicles. Arcola separately denies participating in any testing or engineering process. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to this Defendant.

63.    Arcola denies that it ever designed or manufactured any of the subject vehicles. Arcola separately denies participating in any testing or engineering process. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied as not directed to this Defendant.

64.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

65.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

66.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

67.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph.  Accordingly, no further response is made thereto.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

68.    This Defendant denies the allegation that Arcola received "immediate notification" but admits that Arcola received communications from some of the Plaintiffs about the vehicles.

69.    Arcola admits that representatives from GM and Eldorado attempted to work on the taxicabs at Arcola's premises.  Arcola denies that it ever manufactured or designed any of the subject vehicles.  Arcola separately denies participating in any repair or re-engineering process.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

70.    Arcola admits that representatives from GM and Eldorado attempted to work on the taxicabs at Arcola's premises. Arcola denies that it ever manufactured or designed any of the subject vehicles. Arcola separately denies participating in the repair or re-engineering process. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

71.    This defendant admits that Plaintiffs demanded the return of their money and that they wanted their vehicles removed. Arcola admits that it elected not to return Plaintiffs' purchase money on the grounds that the alleged defects, about which Plaintiffs complained, were solely the responsibility of the manufacturer(s) and not the selling dealer. Arcola specifically denies any obligation on its part to refund Plaintiffs' purchase monies. Arcola denies having any knowledge of any separate demands that may have been made by Plaintiffs to GM or Eldorado. Arcola denies having any knowledge of any separate responses that may have been made to Plaintiffs by GM or Eldorado. Arcola likewise denies having any knowledge of Plaintiffs' state of mind, and therefore can neither admit nor deny the remaining allegations of this paragraph with respect to how or when Plaintiffs allegedly "recognized" vehicle defects. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the remaining allegations of this paragraph are denied.

### FIRST CAUSE OF ACTION
#### (Breach of Contract)

72.    Arcola repeats and re-alleges each and every response to the allegations of paragraphs 1 through 71 as though set forth herein fully and at length.

73.    This Defendant admits that the actual bills of sale for the subject vehicles, which have not been attached to the Verified Complaint, are authentic and genuine. The remaining allegations of this paragraph are not averments of fact, but instead constitute conclusions of law,

to which no other response is required. To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

74. This Defendant neither admits nor denies the allegations of this paragraph, but instead refers to the entire documents specified (but not attached to the Verified Complaint) for their exact contents. To the extent a further response is deemed necessary or required, this defendant denies any attempt by Plaintiffs to interpret, paraphrase or selectively quote any document.

75. This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

76. This Defendant neither admits nor denies the allegations of this paragraph, but instead refers to the entire documents specified (but not attached to the Verified Complaint) for their exact contents. To the extent a further response is deemed necessary or required, this defendant denies any attempt by Plaintiffs to interpret, paraphrase or selectively quote any document.

77. Arcola denies that it ever manufactured or designed any of the subject vehicles. This Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

78. Except to admit that it received complaints about the Chevrolet Uplanders from Plaintiffs, Arcola denies that it ever manufactured or designed any of the subject vehicles. This Defendant is without knowledge or information sufficient to form a belief about the truth of the

remaining allegations of this paragraph. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

79.    This Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

80.    Arcola denies that it breached any agreement with Plaintiffs.

81.    Arcola denies that it breached any agreement with Plaintiffs, and therefore denies that Plaintiffs have suffered any damages "by reason of" any act or omission by this Defendant.

## SECOND CAUSE OF ACTION
### (Breach of Warranty)

82.    Arcola repeats and re-alleges each and every response to the allegations of paragraphs 1 through 81 as though set forth herein fully and at length.

83.    The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required. To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

84.    Arcola denies that it ever manufactured or designed any of the subject vehicles. Arcola specifically denies ever making any expressed or implied warranties of its own; instead it sold the vehicles with manufacturers' warranties only. The remaining allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

85.    Arcola denies that it ever manufactured or designed any of the subject vehicles. Arcola specifically denies ever making any expressed or implied warranties of its own; instead it

sold the vehicles with manufacturers' warranties only. Arcola specifically denies making any false, inaccurate or untrue statements about the subject vehicles. This Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, with respect to Plaintiffs' collective state of mind. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

86.    Arcola denies that it ever manufactured or designed any of the subject vehicles. Arcola specifically denies ever making any expressed or implied warranties of its own; instead it sold the vehicles with manufacturers' warranties only. Arcola specifically denies making any false, inaccurate or untrue statements about the subject vehicles. This Defendant is without knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, with respect to Plaintiffs' collective state of mind. Accordingly, no further response is made thereto. To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied.

87.    Arcola denies that it manufactured or designed any of the subject vehicles. Accordingly the allegations of this paragraph are denied, as they are not directed to this Defendant.

88.    Arcola admits that Plaintiffs took delivery of Chevrolet Uplander models manufactured by GM and Eldorado. Arcola specifically denies that it ever sold or delivered any of the subject vehicles with any express or implied warranty other than those warranties issued by manufacturers. Accordingly, this Defendant denies that it breached any warranties owed to Plaintiffs.

89.    This Defendant denies that it breached any express or implied warranties owed to Plaintiffs and therefore denies that it caused any damages alleged by Plaintiffs, if any.

## THIRD CAUSE OF ACTION
### (Breach of Implied Warranty for a Particular Purpose)

90.    Arcola repeats and re-alleges each and every response to the allegations of paragraphs 1 through 89 as though set forth herein fully and at length.

91.    The allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required.  To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

92.    Arcola admits the allegations contained in the first sentence of this paragraph. Arcola acted only as the selling dealer for the subject vehicles, and therefore denies the remaining allegations of this paragraph, as they are not directed to this Defendant.

93.    This defendant neither admits nor denies the allegations of this paragraph's first sentence, but instead refers to the entire documents specified (but not attached to the Verified Complaint) for their exact contents.  The remaining allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no other response is required.  To the extent such allegations must be admitted or denied, the allegations are denied and Plaintiffs are left to their proofs.

94.    Arcola denies that it ever manufactured or designed any of the subject vehicles. Arcola specifically denies ever making any expressed or implied warranties of its own; instead it sold the vehicles with manufacturers' warranties only.  The remaining allegations of this paragraph are not averments of fact, but instead constitute conclusions of law, to which no response is required.  To the extent any further response is deemed to be necessary or may be required, the allegations of this paragraph are denied, as they are not directed to Arcola.

95.    This Defendant denies that it breached any warranties owed to Plaintiffs and therefore denies that it caused any damages alleged by Plaintiffs, if any.

## FOURTH CAUSE OF ACTION
### (Injunction)

96.    Arcola repeats and re-alleges each and every response to the allegations of paragraphs 1 through 95 as though set forth herein fully and at length.

97.    Arcola denies that it ever "engineered", manufactured or designed any of the subject vehicles.

98.    Arcola denies that it ever "engineered", manufactured or designed any of the subject vehicles, and therefore denies any liability or responsibility for any allegedly defective or non-conforming vehicles.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which any relief may be granted against Arcola.

## SECOND AFFIRMATIVE DEFENSE

Arcola fully satisfied all obligations that were ever due or owing to the plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

Any alleged damages that Plaintiffs may have suffered and which are not admitted, were caused by the actions or omissions of others over whom Arcola exercised no control and for whom Arcola bears no responsibility.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiffs suffered any damages or losses (which is not admitted), then any damages or losses were caused by Plaintiffs' misuse or improper maintenance of the subject vehicles.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to satisfy all applicable conditions precedent to any remedy sought against Arcola.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs never properly revoked their acceptance of the vehicles pursuant to applicable provisions of the Uniform Commercial Code.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to join all necessary parties to the action.

## EIGHTH AFFIRMATIVE DEFENSE

Arcola has not been given an adequate opportunity to cure any alleged defects or non-conformities in Plaintiffs' vehicles.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint states claims for monetary relief only. Plaintiffs cannot state a claim for irreparable harm, and they have an adequate remedy at law. Equitable remedies, including injunctive relief are therefore unavailable, separately requiring dismissal of the Complaint's Fourth Count and any portion of the prayer for relief that seeks equitable remedies.

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' damages, if any were caused by their own lack of diligence or failure to mitigate damages.

**WHEREFORE,** Defendant Arcola Sales & Service Corp. demands judgment against Plaintiffs dismissing the Complaint with prejudice, together with an award of costs of suit and such other and further relief as the Court deems just.

## CROSS-CLAIM

For its Cross-Claim against defendant General Motors Corp. ("GM") and Eldorado National, Inc. ("Eldorado"), defendant Arcola Sales and Service Corp. ("Arcola") states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000.

**2.**      Venue is proper in this district pursuant to 28 U.S.C. §1391 because Plaintiffs' principal place of business is located in this district.

## FIRST COUNT

3.      Arcola incorporates by reference its responses and affirmative defenses to the Verified Complaint as though set forth herein fully and at length.

4.      Arcola Sales & Service Corp. is a corporation whose principal place of business is located at 51 Kero Road, Carlstadt, New Jersey 07072.  Arcola is in the business of selling automotive vehicles.

5.      Upon information and belief, General Motors is a Michigan corporation whose headquarters are located at 300 Renaissance Center, Detroit, Michigan 48625.  General Motors is in the business of manufacturing and selling automotive vehicles.

6.      Upon information and belief, Eldorado National, Inc., a subsidiary of Thor Industries, is a Kansas corporation, whose principal place of business is located at 1655 Wall Street, Salina, Kansas, 67401.  Upon information and belief, Eldorado is in the business of retrofitting automotive vehicles.

7.      GM, through its Chevrolet Division, designed and manufactured Plaintiffs' vehicles.

8.      Upon information and belief, Eldorado modified those vehicles.

9.      Arcola did not design, manufacture or modify any of the subject vehicles.

10.      Arcola sold the subject vehicles, manufactured by GM and modified by Eldorado, without any material alterations.

21

11.    Plaintiffs complain about alleged defects or component failures that involved design, engineering, manufacture, modification or production by General Motors and/or Eldorado, but not Arcola.

12.    Because some or all of the vehicles may have been later taken to another facility for repair, Arcola is unable to determine the cause, existence or extent of Plaintiffs' unresolved problems with the vehicles.

13.    If Plaintiffs sustained any damages that have not already been corrected (which damages are not admitted), then GM, another GM dealership(s), technicians at one or more GM dealerships, Eldorado or unknown third parties (and not Arcola) caused such damages.

14.    If Arcola is adjudged to be liable to the Plaintiffs (which is not admitted), then any such liability is secondary, putative, vicarious and technical, as compared to the primary liability of GM and/or Eldorado and/or unidentified and unknown third parties. By reason of the foregoing, Arcola is entitled to be indemnified by GM and/or Eldorado for any judgment, damages, loss or liability that Arcola may suffer in this action, together with reimbursement of its attorneys' fees and costs.

## SECOND COUNT

15.    Arcola repeats and re-alleges the allegations of paragraphs 1 through 10 of its Cross-Claim as if set forth herein fully and at length.

16.    If said vehicles were defective, which is denied, and if Plaintiffs' allegations are determined to be correct, which is also denied, then any loss sustained by Plaintiffs was the result of the negligence or breach of express or implied warranties of GM and/or Eldorado and/or unidentified third parties, and not the result of any action or inaction by Arcola.

## THIRD COUNT

17.    Arcola repeats and re-alleges the allegations of paragraphs 1 through 12 of its Cross-Claim as if set forth herein fully and at length.

18.    Arcola is entitled to be indemnified and held harmless by GM and/or third party defendants against all claims, losses, damages and liabilities, including attorneys' fees, related to this suit as against it, pursuant to applicable provisions of the Uniform Commercial Code, the Federal Warranty Act and any other statute upon which Plaintiffs may rely.

19.    Arcola, as the seller of the vehicles manufactured by GM and Eldorado, is also entitled to similar relief for any liability asserted against it pursuant to its contractual rights against Defendants GM and Eldorado.

**WHEREFORE,** Defendant Arcola Sales and Service Corp. demands judgment against Defendants General Motors Corp. and Eldorado National, Inc. for any judgment, damages, loss or liability that Arcola may suffer in this action, together with attorneys' fees if allowed, costs of suit, and such other and further relief that the Court may deem just.

## CLAIM FOR CONTRIBUTION

To the extent the Verified Complaint or any amendment thereto states a tort claim, then Defendant Arcola demands contribution against Defendants GM and Eldorado pursuant to any applicable statute(s) governing joint tortfeasors contribution.

## DEMAND FOR TRIAL BY JURY

Defendant Arcola demands a trial by jury on all claims so triable.


Dated: New York, New York
       April 30, 2008

**McLAUGHLIN & STERN, LLP**

By: _____

Paul H. Levinson, Esq. (PL 5528
Magnolia D. Levy, Esq. (ML 5029)
260 Madison Avenue
New York, NY 10037
(212) 448-1100

*New York Co-Counsel for Defendant Arcola
Sales & Service Corp.*

and

Christopher E. Hartmann, Esq. (CH 4873)
WACKS & HARTMANN, LLC
404 Park Avenue South, 14th Floor
New York, New York 10016
(973) 644-0770 (ext. 204)
(212) 481-2744

*Attorneys for Defendant Arcola
Sales & Service Corp.*