IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

Evgeny A. Freidman, Vladimir Basin,
Mamed Dzhaniyev, Victory Taxi Garage
Inc., Tunnel Taxi Management, LLC,
Downtown Taxi Management, LLC, Bazar
Taxi Inc. Patron Taxi LLC, Grappa Taxi
LLC, Cognac Taxi LLC, Calvados Taxi
LLC, Tequila Taxi LLC, Jack Daniels
Taxi LLC, Murzik Taxi Inc., Malinka
Taxi Inc., Yagodka Taxi Inc., Persik Taxi
Inc., Bratishka Taxi Inc., Pumo Taxi Inc.,
Piguet Taxi Inc., Kormilitsa Taxi Inc.,
Prada Taxi, Inc., Student Taxi, Inc., Hublot
Taxi Inc., Torpedo Taxi Inc., Black Label
Taxi LLC, Praga Taxi Inc., Two Hump Taxi
LLC, Kroshka Taxi Inc., Lacoste Taxi Inc.,
Sangria Taxi LLC, Volba Taxi Inc.,

**Civil Action No. 1:08-CV-02458 (SAS)**

Plaintiffs,

v.

General Motors Corp., ElDorado
National, Inc., and Arcola Sales &
Service Corp.,

Defendants.

-----------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
ELDORADO NATIONAL, INC.'S MOTION TO DISMISS COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Robert H. Pees
Ariane Austin Qureshi
Jamison A. Diehl
AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
Telephone: (212) 872-1072
Facsimile: (212) 872-1002
rpees@akingump.com

*Attorneys for Defendant ElDorado National, Inc.*

Defendant ElDorado National, Inc. ("ElDorado"), by and through its undersigned counsel, respectfully joins in the arguments made by General Motors Corporation ("GM"), which are equally applicable to ElDorado, and, rather than reiterate those arguments, demonstrates their applicability to ElDorado while providing additional legal authorities not discussed in GM's brief (the "GM Brief").

## PRELIMINARY STATEMENT

In asserting their clams against ElDorado, Plaintiffs ignore: (1) the requirements for establishing diversity jurisdiction; (2) that a non-party to a contract cannot be held liable for a contract breach; (3) that an express warranty claim must identify the express warranty at issue; (4) that a party cannot be held liable for breach of implied warranty where privity of contract does not exist; and (5) that a claim for injunction cannot succeed where it sets forth none of the basic elements required for an injunction. Indeed, as shown in the GM Brief and below, the four causes of action set forth in the Complaint cannot withstand dismissal, and as shown in the GM Brief, the Complaint's jurisdictional allegations fail to establish this Court's subject matter jurisdiction over this action.

## ARGUMENT

I. **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(6)**

   A. **Plaintiffs' Breach Of Contract Claim Must Be Dismissed Because ElDorado Is Not A Party To Any Sale Contract(s) With Plaintiffs**

Plaintiffs' first cause of action alleges – virtually in its entirety – that "Defendants breached the sales agreements with Plaintiffs." Complaint at ¶ 80. However, Plaintiffs elsewhere admit they purchased the vehicles from Arcola, not from ElDorado. Complaint at ¶ 56 ("In or around late 2006, Plaintiffs order fifty two (52) retrofitted Chevrolet Uplanders from Arcola (the "Orders")"). In fact, there is not a single word anywhere in the Complaint identifying an actual

1

contract between Plaintiffs and ElDorado. The reason for Plaintiffs' omission is plain: no contract between ElDorado and Plaintiffs ever existed.

"It is hornbook law that a non-signatory to a contract cannot be named as a defendant in a breach of contract action." *Crabtree v. Tristar Auto. Group, Inc.*, 776 F. Supp. 155, 166 (S.D.N.Y. 1991) (dismissing breach of contract claim against non-signatory defendants). Indeed, "[o]nly those who are parties to a contract may be held liable for a breach of that contract," *Beacon Syracuse Assocs. v. The City of Syracuse*, 560 F. Supp. 188, 201 (N.D.N.Y. 1983) (citation omitted). Thus, courts routinely dismiss breach of contract claims against a non-party to the contract at issue. *See, e.g., Artist Mgmt. Office, Inc. v. Worldvision Enters., Inc.*, No. 95 CIV. 9497 (RPP), 1997 WL 188937, at *2 (S.D.N.Y. Apr. 18, 1997) (citation omitted) ("Since it is undisputed that the moving defendants are not party to the agreement . . . dismissing the breach of contract claim against the movants is appropriate").

Because ElDorado was not a party to a contract with Plaintiffs, it is not surprising that, while Plaintiffs allege a contract breach, they can do so only with conclusory and cryptic references to "Orders," (Complaint at ¶ 56), "bills of sales," (*id.* at ¶ 73), and "sales agreements," (*id.* at ¶ 80), without alleging which Defendants were parties to which alleged agreements or, for that matter, which provisions were beached. However, New York law is clear that in an action to recover damages for breach of contract, the complaint must "allege, in nonconclusory language . . . the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated," (*Sud v. Sud*, 211 A.D.2d 423, 424, 621 N.Y.S.2d 37, 38 (1st Dep't 1995)), and must do so either "by express reference or by attaching a copy of the contract," *Chrysler Capital Corp. v. Hilltop Egg Farms, Inc.*, 129 A.D.2d 927, 927, 514 N.Y.S.2d 1002, 1003 (3d Dep't 1987).

Here, because Plaintiffs' breach of contract claim is completely devoid of the requisite details, it must be dismissed. And because ElDorado did not even contract with Plaintiffs, the claim is fatally deficient as to ElDorado and should be dismissed with prejudice.

**B.     Plaintiffs' Claim For Breach Of Express Warranty Must Be Dismissed**

A proposed cause of action for breach of express warranty is insufficient where, as here, the plaintiff fails to set forth the terms of the warranty upon which the plaintiff relies. *See e.g. Fireman's Fund Ins. Co. v. New York General Mech., Inc.*, No. 88-CV-268E, 1992 WL 119162 (W.D.N.Y. 1992) (dismissing plaintiffs' claims of breach of express warranties because plaintiffs failed to offer any evidence of any warranty made by either defendant). To that end, a plaintiff is required to either set forth the terms of the specific warranty upon which liability is predicated, either by express reference, or by attaching a copy of the warranty. *Copeland v. Weyerhaeuser Co.*, 124 A.D.2d 998 (4th Dep't 1986). Here, Plaintiffs did neither. Indeed, Plaintiffs' Complaint fails to sufficiently allege that ElDorado made any express warranties to any of the Plaintiffs. The Complaint states only a conclusory legal claim, and fails to even allege, for instance, which Defendant provided an alleged warranty to which particular Plaintiff. Accordingly, Plaintiffs' express warranty claim is not adequately pled and should be dismissed. *See Haber v. Brown*, 774 F. Supp. 877, 879 (S.D.N.Y. 1991) ("Allegations this bare fail to afford Defendant adequate notice of the grounds underlying the claim against it.").

**C.     Plaintiff Is Not Entitled To Recover From ElDorado On A Breach Of Implied Warranty Theory Because Plaintiff And ElDorado Are Not In Privity**

It is well-settled under New York law that no implied warranties arise between parties who are not in privity with one another where, as here, no personal injury is alleged and the

3

plaintiff claims only damages for economic loss.[1] *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 249 (2d Cir. 1986) (in non-personal injury actions, "privity must necessarily exist because the creation of the warranty requires a direct exchange between buyer and seller"); *see also Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 122 A.D.2d 25, 26 (2d Dep't 1986) ("no implied warranty will extend from a manufacturer to a remote purchaser not in privity with the manufacturer"). Thus, "[u]nder New York law, absent privity of contract, a purchaser cannot recover mere economic loss against a manufacturer under a theory of breach of implied warranty." *Hubbard v. General Motors Corp.*, No. 95 Civ. 4362, 1996 WL 274018 at *5 (S.D.N.Y. May 22, 1996) (quotations omitted)[2]

As discussed above, however, ElDorado did not enter a contract for the sale of the vehicles to Plaintiffs. Thus, there is no privity between ElDorado and Plaintiffs upon which to base a claim for breach of implied warranties. Therefore, this claim must be dismissed with prejudice as a matter of law.

### D.   Plaintiffs' Claim For Injunctive Relief Must Be Dismissed

Plaintiffs' fourth and final cause of action is a claim for "injunction" comprised of three conclusory paragraphs that, other than a rote realleging of the Complaint's preceding allegations, are nearly devoid of a single factual allegation. But for the labeling of the claim as a claim for "injunction," neither Defendants nor this Court would have any way of knowing what relief is even being sought.

---

[1] Because Plaintiffs' causes of action are based upon the alleged nonperformance of "the product itself, the injury is properly characterized as 'economic loss' and plaintiff is relegated to contractual remedies." *Hemming v. Certainteed Corp.*, 97 A.D.2d 976, 468 N.Y.S.2d 789 (4th Dep't 1983).

[2] Moreover, proof of privity requires proof of a direct sale by the defendant to *each* plaintiff personally. *See Heller v. U.S. Suzuki Motor*, 64 N.Y.2d 407 (1985); *see also Utica Observer Dispatch, Inc. v. Booth*, 106 A.D.2d 863 (4th Dep't 1984).

The Supreme Court recently reiterated the well established four-factor test that the court must satisfy in connection with an application for permanent injunctive relief:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006). Applying this standard demonstrates that Plaintiffs have alleged *none* of the requirements for injunctive relief.

As noted above, Plaintiffs allege nonperformance of the vehicles themselves and thus allege only "economic loss." Certainly, Plaintiffs' allegation that the problems with the *vehicles* "cannot be remedied" is a far cry from pleading that Plaintiffs have no adequate remedy at law. In fact, Plaintiffs do not allege any actual or threatened irreparable injury – they merely alleged "future harm" – and do not claim that legal remedies such as monetary damages are inadequate. Thus, it is not clear what kind of injunctive relief Plaintiffs seek. Because Plaintiffs' claim for "injunction" fails to state a claim on which relief can be granted – in this case, quite *literally* – it too must be dismissed.

## CONCLUSION

Accordingly, Defendant ElDorado respectfully requests that this Court dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant such other relief as the Court deems just and proper.

Dated: May 20, 2008

          **AKIN GUMP STRAUSS HAUER & FELD LLP**

          By: /s/ Robert H. Pees
              Robert H. Pees
              Ariane Austin Qureshi
              Jamison A. Diehl
              Akin Gump Strauss Hauer & Feld LLP
              590 Madison Avenue
              New York, New York 10022-2524
              (212) 872-1000 (Telephone)
              (212) 872-1002 (Facsimile)

              *Attorneys for Defendants ElDorado National, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
Evgeny A. Freidman, Vladimir Basin,
Mamed Dzhaniyev, Victory Taxi Garage
Inc., Tunnel Taxi Management, LLC,
Downtown Taxi Management, LLC, Bazar
Taxi Inc. Patron Taxi LLC, Grappa Taxi
LLC, Cognac Taxi LLC, Calvados Taxi           **Civil Action No. 1:08-CV-02458 (SAS)**
LLC, Tequila Taxi LLC, Jack Daniels
Taxi LLC, Murzik Taxi Inc., Malinka
Taxi Inc., Yagodka Taxi Inc., Persik Taxi
Inc., Bratishka Taxi Inc., Pumo Taxi Inc.,
Piguet Taxi Inc., Kormilitsa Taxi Inc.,
Prada Taxi, Inc., Student Taxi, Inc., Hublot
Taxi Inc., Torpedo Taxi Inc., Black Label
Taxi LLC, Praga Taxi Inc., Two Hump Taxi
LLC, Kroshka Taxi Inc., Lacoste Taxi Inc.,
Sangria Taxi LLC, Volba Taxi Inc.,

      Plaintiffs,

   v.

General Motors Corp., ElDorado
National, Inc., and Arcola Sales &
Service Corp.,

      Defendants.
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

  I, Jamison A. Diehl, an attorney with the law firm of Akin Gump Strauss Hauer & Feld LLP, hereby certify that on May 20, 2008 I caused copies of ElDorado National, Inc's (i) Motion to Dismiss Plaintiffs' Complaint, (ii) Memorandum of Law In Support of Defendant ElDorado National Inc.'s Motion to Dismiss Complaint Pursuant to Federal Rules of Civil Procedure 12(b)1) and 12(b)(6), and (iii) Corporate Disclosure Statement to be sent to the following individuals by first class mail:

      William Fried, Esq.
      Herrick, Feinstein, LLP
      2 Park Avenue
      New York, NY 10016

Timothy J. McHugh, Esq.
420 Lexington Avenue
Graybar Building
Suite 2900
New York, NY 10170

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue
Suite 320
Morristown, NJ 07960

Paul H. Levinson, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue, 18th Floor
New York, NY 10016

Dated: New York, New York
       May 20, 2008

By: /s/ Jamison A. Diehl
    Jamison A. Diehl