UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

EVGENY A. FREIDMAN, VLADIMIR BASIN, MAMED DZHANIYEV, VICTORY TAXI GARAGE INC., TUNNEL TAXI MANAGEMENT, LLC, DOWNTOWN TAXI MANAGEMENT, LLC, BAZAR TAXI INC., PATRON TAXI LLC, GRAPPA TAXI LLC, COGNAC TAXI LLC, CALVADOS TAXI LLC, TEQUILA TAXI LLC, JACK DANIELS TAXI LLC, MURZIK TAXI INC., MALINKA TAXI INC., YAGODKA TAXI INC., PERSIK TAXI INC., BRATISHKA TAXI INC., PUMO TAXI INC., PIGUET TAXI INC., KORMILITSA TAXI INC., PRADA TAXI, INC., STUDENT TAXI INC., HUBLOT TAXI INC., TORPEDO TAXI INC., BLACK LABEL TAXI LLC, PRAGA TAXI INC., TWO HUMP TAXI LLC, KROSHKA TAXI INC., LACOSTE TAXI INC., SANGRIA TAXI LLC, VOLBA TAXI INC.,

    Plaintiffs,

 - against -

GENERAL MOTORS CORP., ELDORADO NATIONAL, INC., and ARCOLA SALES & SERVICE CORP.,

    Defendants.

------------------------------------------------------------ X

OPINION AND ORDER

08 Civ. 2458 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/23/09

1

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION

Plaintiffs, a group of taxi companies and the individual owners of handicap-accessible taxicab medallions permitting the operation of handicap-accessible taxicabs in New York City (collectively, "Taxi Companies"), are suing General Motors Corp. ("GM"), ElDorado National, Inc. ("ElDorado") and Arcola Sales & Service Corp. ("Arcola") for breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty for a particular purpose, for breach of contract against Arcola and for fraud and misrepresentation against GM and ElDorado. GM and ElDorado now move to dismiss the Complaint or, in the alternative, to strike certain allegations. Arcola is not a party to this motion.

## II. BACKGROUND

In 2004, the Taxi Companies bid on eleven taxicab licenses for vehicles accessible to passengers using wheelchairs ("Medallions") offered by the New York City Taxi & Limousine Commission ("TLC").[1] The Medallions permit taxi businesses to operate taxicabs for the benefit of persons requiring wheelchair-

---

[1] *See* Second Amended Complaint ("Am. Compl.") ¶ 48.

accessible taxis.[2] Subsequently, in 2006, the Taxi Companies bid on and won the entirety of the fifty-four additional wheelchair-accessible Medallions offered by the TLC,[3] paying nearly $26 million for the Medallions.[4]

Upon winning the Medallions, the Taxi Companies attempted to obtain vehicles appropriate for wheelchair-accessible taxis.[5] They purchased Chevrolet Uplanders from Arcola, which, according to the Complaint, the TLC deemed to be wheelchair-accessible.[6] At some point in the process, however, it was determined that the Uplander needed to be retrofitted to comply with the TLC specifications.[7] After the TLC approved the retrofitted vehicles, the Taxi Companies ordered the retrofitted Uplanders from Arcola.[8]

---

[2]   *See id.* ¶¶ 46, 47.

[3]   *See id.* ¶ 49.

[4]   *See* Defendants GM's and ElDorado's Joint Motion to Dismiss.

[5]   *See* Am. Compl. ¶ 59.

[6]   *See id.* ¶ 51.

[7]   *See id.* ¶¶ 52, 53. Although it is unclear exactly when the vehicle was shown to TLC and when the vehicle was approved, it is clear that the TLC requested certain changes be made to the vehicle and the vehicle changes were approved by the TLC.

[8]   *See id.* ¶¶ 59, 60.

When the vehicles were delivered to the Taxi Companies, they expressed concern about certain defects.[9] According to the Complaint, all defendants became involved in correcting those issues.[10] The Taxi Companies claim they never found the reengineering to be acceptable.[11] After several rounds of repairs, the Taxi Companies were still dissatisfied with the vehicles and returned them to Arcola.[12]

## III. APPLICABLE LAW

### A. Motion to Dismiss

#### 1. Legal Standard

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must "'accept as true all allegations in the complaint'"[13] and "draw all reasonable inferences in plaintiff's favor."[14] A

---

[9]   *See id.* ¶¶ 62, 63.

[10]  *See id.* ¶¶ 73-75.

[11]  *See id.* ¶ 76.

[12]  *See id.* ¶¶ 76, 77.

[13]  *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008) (citations omitted).

[14]  *Ofori-Tenkorang v. American Int'l Group, Inc.*, 460 F.3d 296, 298 (2d Cir. 2006).

complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level'"[15] in order to survive a motion to dismiss.  Although the complaint need not provide "detailed factual allegations,"[16] it must nonetheless "amplify a claim with some factual allegations . . . to render the claim *plausible*."[17] "[B]ald assertions and conclusions of law will not suffice."[18]

### 2. Documents to be Considered

In a motion to dismiss, a District Court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."[19]  A document is considered incorporated by reference if it is "in a pleading . . . adopted by

---

[15] *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007)). *Accord Erickson v. Pardus*, , 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (per curiam) (noting that plaintiffs must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting *Twombly*, 127 S. Ct. at 1955).

[16] *Twombly*, 127 S. Ct. at 1970.

[17] *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted*, 128 S. Ct. 2931 (2008).

[18] *Law Offices of Curtis V. Trinko, LLP v. Bell Atl. Corp.*, 309 F.3d 71, 74 (2d Cir. 2002) (citation omitted).

[19] *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

reference elsewhere in the same pleading or in any other pleading or motion."[20] A court may also consider a document not specifically incorporated by reference but on which the complaint heavily relies and which is integral to the complaint.[21] This is particularly true when the plaintiff either had the document in its possession or knew of the document when bringing suit.[22] On the other hand, if a court is presented with material outside of the pleadings, it should either exclude the material in its consideration of the motion to dismiss or otherwise consider the material after converting the motion to dismiss into a motion for summary judgment.[23]

### B.   Breach of Express Warranty

"In order for an express warranty to exist, there must be an affirmation of fact or promise by the seller, the natural tendency of which is to induce the buyer to purchase."[24] Further, "such an affirmation must be

---

[20] Fed. R. Civ. P. 10(c).

[21] See *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 1991).

[22] See *Edison Fund v. Cogent Inv. Strategies Fund., Ltd.*, 551 F. Supp. 2d 210, 217 (S.D.N.Y. 2008).

[23] See *Chambers*, 282 F.3d at 154.

[24] *Daley v. McNeil Consumer Prods. Co.*, 164 F. Supp. 2d 367, 376 (S.D.N.Y. 2001).

distinguished from puffery."[25] Thus, a plaintiff must allege that the seller "assert[ed] a fact of which the buyer is ignorant."[26] As such, express warranties are typically the result of negotiation and become part of the bargain.[27]

However, warranties are not always part of a formal contract and thus in New York, the requirement of privity between buyer and seller has been substantially relaxed for claims of breach of express warranty.[28] Nevertheless, a plaintiff must still "set forth the terms of the alleged warranty with sufficient particularity to give fair notice thereof."[29] Additionally, "[w]here the writing contains an express warranty, proof of an additional oral warranty is generally not allowed"[30] nor is evidence of any writing.[31]

---

[25] *Id.*

[26] *Daley,* 164 F. Supp. 2d at 377.

[27] *See* 18 Williston on Contracts § 52:45 (4th ed. 2008).

[28] *See Randy Knitwear, Inc. v. American Cyanamid Co.,* 11 N.Y.2d 5, 12-13 (1962).

[29] *Copeland v. Weyerhaeuser Co.,* 509 N.Y.S.2d 227, 228 (4th Dep't 1986). *Accord Hicksville Dry Cleaners, Inc. v. Stanley Fastening Sys., L.P.,* 830 N.Y.S.2d 530, 531 (1st Dep't 2007).

[30] 11 Williston on Contracts § 33:31 (4th ed. 2008).

[31] *See Topps Co., Inc. v. Cadbury Stani S.A.I.C.,* 526 F.3d 63, 69 (2d Cir. 2009).

Finally, a manufacturer may limit both plaintiff's remedies and defendant's liability via express warranty.[32] The "failure of one method of limiting liability does not render the other limitation ineffective."[33] Accordingly, the inquiry is "(1) whether the limited remedy failed in its essential purpose, and (2) whether the exclusion of consequential damages was unconscionable."[34] To demonstrate that the warranty fails its essential purpose, a plaintiff must allege that "enforcement of the limited remedy clause would effectively deprive [it] of a remedy."[35] To avoid the limitation on damages, a plaintiff must show that a damage limitation clause is unconscionable.[36]

### C. Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose

---

[32] *See Proto Constr. & Dev. Corp. v. Superior Precast, Inc.,* No. 99 Civ. 2851, 2002 WL 1159593, at *8 (E.D.N.Y. May 28, 2002). *See also Roneker v. Kenworth Truck Co.,* 944 F. Supp. 179, 183-84 (W.D.N.Y. 1996).

[33] *Proto Constr. & Dev. Corp.,* 2002 WL 1159593, at *8.

[34] *Roneker,* 944 F. Supp. at 184.

[35] *Maltz v. Union Carbide Chems. & Plastics Co., Inc.,* 992 F. Supp. 286, 304 (S.D.N.Y. 1998).

[36] *See American Tel. & Tel. Co. v. New York City Human Resources Admin.,* 833 F. Supp. 962, 988 (S.D.N.Y. 1993).

While the privity requirement may be relaxed for a breach of express warranty claim, this is not the case for a breach of implied warranty claim.[37] Accordingly, to obtain relief on breach of implied warranty claims, plaintiffs must demonstrate privity with defendants.[38] Further, "the mere issuance of an express warranty by a manufacturer [does not] create[] privity for all purposes."[39] Consequently, in the absence of a claim for personal injury, purchasers may not recover for breach of an implied warranty from a party with whom they are not in privity.[40]

### D. Fraud and Misrepresentation

---

[37] *See Copeland,* 509 N.Y.S.2d at 228.

[38] *See Carcone v. Gordon Heating & A.C. Co.*, 623 N.Y.S.2d 679, 680 (4th Dep't 1995). *See also* 4A N.Y. Prac., Com. Litig. in New York State Courts § 66:33 (2d ed. 2008) ("Privity remains a requirement for claims based on implied warranties of merchantability and fitness for a particular purpose under the Uniform Commercial Code and common law.").

[39] *Leonard v. Tollycraft Corp.*, No. 88 Civ. 5809, 1989 WL 1128247, at *5 n.4 (S.D.N.Y. Oct. 19, 1989). *Accord Koulajian v. Trek Bicycle Corp.*, No. 90 Civ. 3156, 1992 WL 28884 (S.D.N.Y. Feb 11, 1992) (same applying Indiana law); *Ball v. Sony Elecs. Inc.*, No. 05 Civ. 307, 2005 WL 2406145 (W.D. Wis. Sept. 28, 2005) (same applying Wisconsin law)

[40] *See Lexow & Jenkins, P.C. v. Hertz Commercial Leasing Corp.*, 504 N.Y.S.2d 192, 194 (2d Dep't 1986) (citation omitted).

A complaint alleging fraud must satisfy Rule 9(b)'s requirement that "the circumstances constituting fraud . . . be stated with particularity."[41] "This pleading constraint serves to provide a defendant with fair notice of a plaintiff's claim, safeguard his reputation from improvident charges of wrongdoing, and protect him against strike suits."[42] To comply with the requirements of Rule 9(b), a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[43] "Allegations that are conclusory or unsupported by factual assertions are insufficient."[44] Punitive damages "may only be recovered in a fraud action where the fraud is aimed at the public generally."[45]

## IV.   DISCUSSION[46]

---

[41]   Fed. R. Civ. P. 9(b). *Accord ATSI*, 493 F.3d at 99.

[42]   *ATSI*, 493 F.3d at 99 (citing *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004)).

[43]   *Rombach*, 355 F.3d at 170 (quotation omitted). *Accord ATSI*, 493 F.3d at 99 (citing *Novak v. Kasaks*, 216 F.3d 300, 306 (2d Cir. 2000)).

[44]   *ATSI*, 493 F.3d at 99.

[45]   *Kelly v. Defoe Corp.*, 636 N.Y.S.2d 123, 124 (2d Dep't 1996).

[46]   No party has suggested converting the motion to dismiss into a motion for summary judgment. Further, the Court has not provided the parties an

### A. Breach of Express Warranty

It is beyond cavil that the GM Warranty and ElDorado Warranty contained enforceable limited express warranties.[47] These are, however, manufacturer's warranties provided by GM and ElDorado, and neither are the result of negotiation. Accordingly, there is no privity between the parties.

To the extent the Taxi Companies suggest that defendants provided express warranties beyond the terms of the written warranties, they have not provided any documents or allegations to make this claim plausible. Rather, the Complaint simply makes vague statements about representations defendants made

---

opportunity to argue for or against summary judgment. Accordingly, in deciding this motion to dismiss, the Court did not consider the affidavit of Evgeny Freidman or its attached exhibits submitted by the Taxi Companies in their Opposition to Defendants' Motion to Dismiss as an attempt to remedy the defects in the Second Amended Complaint because it is not a document incorporated by reference into the Complaint, nor is it a document on which the Complaint relies. However, the GM and ElDorado limited written warranties are integral to the case and the Taxi Companies had both knowledge and possession of these, as well as of the Orders with Arcola, to which the Taxi Companies specifically referred in the Complaint. Accordingly, this Court considered the documents submitted by GM and ElDorado as exhibits to its Joint Motion to Dismiss. *See* Vehicle Order and Additional Terms and Conditions of Vehicle Order ("Arcola Warranty"), Ex. A to 12/5/08 Declaration of Jamison Diehl, counsel to ElDorado, in Support of GM's and ElDorado's Joint Motion to Dismiss Plaintiffs' Second Amended Complaint ("Diehl Dec."); GM Protection Plan ("GM Warranty"), Ex. B to Diehl Dec.; ElDorado National Amerivan Limited Warranty ("ElDorado Warranty"), Ex. C to Diehl Dec.

[47]   *See* GM Warranty at 11. *See also* ElDorado Warranty.

to plaintiffs[48] and refers to plaintiffs' *understanding* about what defendants intended to do.[49]

The GM express limited written warranty prohibits "any person to create for it any other obligation or liability in connection with these vehicles."[50] As such, even if GM employees made statements to Taxi Companies that Taxi Companies believed were warranties, these statements could not bind GM. In any event, evidence of additional warranties is barred by the parol evidence rule as both GM and ElDorado gave the Taxi Companies written warranties.

Further, both the GM and ElDorado written warranties contain clauses that limit plaintiffs' remedy solely to repairs.[51] The warranties also

---

[48] *See* Am. Compl. ¶ 58 ("Defendants advertised and warranted to Plaintiffs that the Uplanders complied with the American Disabilities Act (ADA), the Administrative Code of the City of New York, and the TLC wheelchair-accessibility requirements."); *see id.* ¶ 65 ("Despite Defendants' assurances, advertisements, brochures, certificates and express and implied warranties, Plaintiffs received defective vehicles that were constantly failing."); *see id.* ¶ 91 ("Each Defendant affirmatively represented through conversations, brochures, advertisements and in other forms, to Plaintiffs that the vehicles would properly operate.").

[49] *See id.* ¶ 59 ("Plaintiffs understood from the advertisements, warranties and from conversations with Defendants that the vehicles were to be retrofitted by ElDorado and General Motors pursuant to the TLC specifications.").

[50] GM Warranty at 11.

[51] *See id. See also* ElDorado Warranty.

disclaim incidental and consequential damages.[52] Because there is no allegation that the damages limitation is unconscionable, nor is there any other reason to believe it is unconscionable, the Taxi Companies are barred from recovering incidental or consequential damages.

However, the Complaint does suggest that the limited remedy of repair may have failed its essential purpose.[53] The Taxi Companies state that there were critical defects in the vehicles and that they attempted several rounds of repair that were ineffective.[54] Accordingly, the Taxi Companies may replead the claim that the warranty failed its essential purpose, but may do so only for damages other than incidental or consequential damages.

### B. Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose

The Taxi Companies do not allege sufficient facts to permit the inference that they were in privity with GM or ElDorado. Rather, the Taxi Companies state generally that defendants were in contact with the TLC,[55] that

---

[52] *See id.*

[53] *See* Am. Compl. ¶ 42.

[54] *See id.* ¶¶ 66, 68, 69, 75, 76.

[55] *See id.* ¶¶ 52, 53.

GM provided support to ElDorado,[56] that all defendants worked to obtain the vehicles for the Taxi Companies[57] and that the Taxi Companies contacted all defendants about the need for repairs, to which defendants responded.[58] None of these allegations demonstrate that either GM or ElDorado was in privity with, or intended to undertake additional responsibilities to, the Taxi Companies, regardless of what may have been plaintiffs' impression. Further, Arcola, who actually contracted with the Taxi Companies, specified that it was not an agent of the manufacturers.[59]

The Taxi Companies also attempt to overcome the privity bar to recovery for breach of implied warranties by asserting vague allegations of a threat to safety.[60] However, the Taxi Companies fail to plead any personal injury or property damage. Accordingly, the Taxi Companies cannot recover for breach of implied warranty of merchantability or breach of implied warranty for a particular purpose.

---

[56] *See id.* ¶ 57.

[57] *See id.* ¶ 55.

[58] *See id.* ¶¶ 73-75.

[59] *See* Arcola Warranty ¶ 1.

[60] *See* Am. Compl. ¶¶ 42, 52, 68.

### C. Fraud and Misrepresentation

The Taxi Companies do not plead their claims of fraud or misrepresentation against GM and ElDorado with the requisite specificity. The Taxi Companies simply state that the engineering was improper.[61] Additionally, the Taxi Companies do not allege the statements, speaker, date, or content of the alleged fraud or the circumstances that were so egregious as to warrant an award of punitive damages. Nonetheless, in their Complaint, Taxi Companies suggest that defendants might have intentionally and knowingly disregarded safety standards required by TLC[62] or deliberately misled plaintiffs as to defendants' ability to engineer the vehicles to serve as wheelchair-accessible taxicabs.[63] Thus, plaintiffs may replead this claim so that it satisfies the heightened pleading standard for a fraud claim.

## V. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted in full. Because the Complaint suggests a potentially cognizable breach of express warranty claim (as limited by the Court) and a fraud claim, plaintiffs are granted

---

[61] *See id.* ¶ 112.

[62] *See id.* ¶¶ 111, 113, 117.

[63] *See id.* ¶¶ 112, 114.

leave to replead those counts. An Amended Complaint may be filed within thirty (30) days of the date of this Order. If no such Amended Complaint is filed, the Clerk of the Court will be directed to close this case. The Clerk of the Court is directed to close this motion (Docket No. 42).

SO ORDERED:

Dated: New York, New York
       February 23, 2009

Shira A. Scheindlin
U.S.D.J.

## - Appearances -

**For Plaintiffs:**

William R. Fried, Esq.
Inbal Baum, Esq.
Herrick, Feinstein LLP
2 Park Avenue
New York, NY 10016
(212) 592-1400

**For Defendants:**

Timothy John McHugh, Esq.
Lavin O'Neil Ricci Cedrone & Disipio
190 N. Independence Mall West
Philadelphia, PA 19086
(215) 415-8202

James Anthony Diehl, Esq.
Akin Gump Strauss Hauer & Feld LLC
One Bryant Park
New York, NY 10036
(212) 872-1072

Paul Howard Levinson, Esq.
McLaughlin and Stern, LLP
260 Madison Ave
New York, NY 10016
(212) 448-6279

Christopher E. Hartmann, Esq.
Wacks & Hartmann, LLC
55 Madison Avenue
Suite 320
Morristown, NJ 07960
(973) 644-0770